Keith Bodner
P.O. Box 171
Sanford, Colorado
81151
719-989-7837

Keith BODNER,
　　　Plaintiff,

v.

CONEJOS COUNTY
HOUSING AUTHORITY,

and,

The CONEJOS COUNTY
HOUSING AUTHORITY
Board Members,
Individually and in their
official capacity,

and,

Karen HINOJOS,
Individually and in her
official capacity,
as Housing Director.
_____/

20-CV-00192

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**MAR 04 2020**

JEFFREY P. COLWELL
　　　　　　　CLERK

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATIVE RELIEF, AND DAMAGES FOR DISCRIMINATION UNDER THE AMERICAN'S WITH DISABILITIES ACT AND THE FEDERAL HOUSING ACT AND THE REHABILITATION ACT OF 1973 (AS AMENDED)

COMES NOW, Plaintiff Keith Bodner, Pro Se for his cause of action against the Conejos County Housing Authority, its Housing Board members, and Karen Hinojos, Housing director; and states and alleges as follows:

## NATURE OF THE CAUSE AND THE PARTIES

1. This is a civil action for injunctive and declaratory relief and damages under the Americans

with Disabilities Act, Title 42 U.S.C. 12101 et. sec., The Federal Fair Housing Act, 42 U.S.C. 3601 et seq. against the Conejos County Housing Authority, its board of directors and its housing director.

2. This is the first amended complaint as since the initial complaint was filed, an answer to my request for reasonable accommodations as evidenced with the engaging of the interactive process was denied by the Defendants. (see # 22 below)

3. The Plaintiff is a resident of the Town of Sanford, County of Conejos, State of Colorado

4. The Defendants, are a public housing provider, which on information and belief receives public housing funds from the United States, its board of directors and the housing director in charge of the day to day running of the authority.

## JURISDICTION AND VENUE

4. The parties to this action either reside in or regularly do business within the jurisdictional boundaries of this Court under 28. U.S.C. 1331. Venue is proper pursuant to 28 U.S.C. 1391(b) (1) and (2).

5. Exhaustion of administrative remedies is not required in order to file this action, however the Plaintiff asks leave of this Court to dismiss this action without prejudice in the event an action is accepted by administrative review with the Department of Housing and Urban Development (HUD) with the simultaneous filing of a complaint with HUD.

## GENERAL ALLEGATIONS

6. The Plaintiff (hereinafter I/me/my) is a resident of the Defendant's housing facilities and rents an apartment from the Defendants in Sanford, Colorado.

7. During the previous two contract years a number of events occurred in my personal life where it became necessary to rely on assistance from my church to help each month for the paying of rent.

8. Most months the payments could not be paid until the middle of the month.

9. When this began to happen, the Housing Director sent me a notice informing that the rental payments are due on the first of each month and that they are late after the fifth of the month.

10. I called and spoke with the secretary and asked her to speak with the director asking for a change in the due date.

11. The request was denied with the Housing Director stating that if she made an exception for me, she would have to make an exception for everyone.

12. The payments were made each month on a schedule that I am not privy to by the church.

13. However, they were always late. Each month I paid the late fee of $20.00 per month.

14. The annual lease that I sign with the Defendants came up for renewal in November, 2019.

15. I was informed by the Defendants through the Housing Director, that the rental contract would not be renewed because of continuous late payments.

16. I asked for a hearing before the Housing Authority Board and one was granted.

17. During the meeting I explained why the payments were late, that I did not control the date of disbursement of the check and that the HUD rules allow for a tenant to request for a change in due date, or for flexibility of payments. I also informed the board that it was likely that I have a very serious and in many cases fatal disease known as Budd-Chiari Syndrome and I was requesting a waiver of the rules as an accommodation.

18. The board ruled and notified me by certified letter that it rejected my requests.

19. I tried to still pay the rent via the church, and the payment was returned with a statement that I was being evicted and that no payments would be received on my behalf.

20. Subsequently I notified the Housing Director that I had a confirmation of the disease from both my primary care provider and the hematologist I see for the matter.

21. I asked for the Housing Authority to enter into the Interactive Process on the matter in order to reverse course and insure I had affordable housing during the time that the disease progresses to the fatal stage. I also advised the Housing Director that my church was offering to pay the rent

one month ahead and pay for all the previous months that the Housing Authority refused the rent so that it would be caught up and regardless of payment date the rent would be early.

22. That request was denied through a letter received by me sent by the Defendant Karen Hinojos through certified mail on Friday January 17, 2020.

**FIRST CAUSE OF ACTION**

(Violation of the American's with Disabilities Act)

24. All such individuals with a disability or perceived as having a disability, fall under the jurisdictional coverage of the act. Title 42 U.S.C. Section 12101

25. Pursuant to the 2008 amendments to the ADA (42 U.S.C. §12101) as to findings and purpose of the act (§§ (a)(1) that the act should be interpreted broadly; and (a)(2): "...Congress recognized that physical and mental disabilities in no way diminish a person's right to fully participate in all aspects of society, but that people with physical or mental disabilities are frequently precluded from doing so because of prejudice, antiquated attitudes, *or the failure to remove institutionalized barriers...*" and furthermore in "...§(7) the Supreme Court in the case of Toyota Motor Manufacturing Kentucky Inc. v. Williams 534 U.S. 184 (2002) interpreted the term "substantially limits" to require a greater degree of limitation than was intended by Congress...and the [standard needs to be]... whether the entity[ies] covered under the ADA have complied (with the question of) their obligations...and to convey that the question of whether an individual's impairment is ... a disability under the ADA should not demand an extensive analysis..." [emphasis added]

26. Congress under section (4) (supra) defined a disability "§(c) that it "substantially limits" one or more major life activities... and an impairment that is episodic or in remission that substantially limits one or more major life activities is a disability if it limits one or more major life activities when active. Budd-Chiari Syndrome as a recurring and potentially deadly disease meets the

definition of a disability under the ADA.

27. The term qualified individual with a disability means- an individual with a disability with or without reasonable modifications to rules, policies or practices ...meets the essential eligibility requirements for the receipt of services or participation in programs or activities of a public entity. 42 U.S.C. §12131(2)

28. The Congress intended that the coverage of the ADA to include Public Entities.

29. Under §12131; Subchapter II Part A (1) the term Public entity means- "(a) any State or local government... (b) any department, agency, special purpose district, or other instrumentality of a State or States, or local government..." On information and belief, the Conejos County Housing Authority, its administrative board and the managing Housing Director are public entities, within the reasonable definition and common use and understanding of the term.

30. Further, that once the Defendants were on notice (in early November, 2019), that I had a confirmation of a disease that is quite possibly terminal and caused uncontrolled blood clots in my liver and other areas including the heart and brain; the entire matter changes from landlord-tenant law to Federal and State of Colorado Disability law. At issue now is whether it is lawful for a landlord to flatly deny either through actions or in-actions to offer an accommodation to rules set forth by the landlord, once a request for a reasonable accommodation via the interactive process is made.

31. After a request is made to engage in the interactive process "both parties have an obligation to proceed in a reasonably interactive manner.' and to engage in 'good-faith communications' to identify a reasonable accommodation." Yinger v. Postal Presort Inc. No. 16-3239 10th Cir. (2017).

32. Furthermore, the Conejos County Housing Authority, it's board and its managing housing director are in violation of the American's with Disabilities Act through their actions.

33. That the actions of the above entity are only stoppable through the Court issuing both injunctive

and declaratory relief.

34. That the need for both injunctive and declaratory relief also give rise to a prima facie finding of discrimination and that such actions are compensable through damages.

35. That I am entitled through proof, for compensatory damages.

36. As Plaintiff, I request that this Court after determining the facts award me damages for the Defendants actions against me, to include compensatory damages.

**SECOND CAUSE OF ACTION**

(Violation of the Fair Housing Act)

36. I, as plaintiff incorporate items 1 – 35 above herein.

37. The Fair Housing Act 42 U.S.C. 3602, has similar provisions for defining discrimination against a person with disabilities. Section 804 of the above Act (42 U.S.C. 3604) (f)(2) [It is illegal to] "...discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of – (A) that person; ... [or] (3)(B) ...a refusal to make reasonable accommodations in rules, policies, practices or services, when such accommodations may be necessary to afford such equal opportunity to use and enjoy a dwelling..."

38. Similar to the American's with Disabilities Act, damages are available for non-complience with the provisions of the Fair Housing Act.

39. Unlike the American's with Disabilities Act, in addition to any other damages the Court may wish to impose, Congress has outlined a minimal civil penalty that an Administrative Law Judge may impose (or this Court) 24 C.F.R. § 180.671(a) (3)(b) (1) of the Fair Housing Act states (if the respondent has not been previously found guilty of a violation) not more than: $21,039 (per violation). The penalty is higher if this is the second or higher incident.

40. Any other damages the Court may wish to impose.

**THIRD CAUSE OF ACTION**

(Violation of the Rehabilitation Act of 1973 (as amended) 29 U.S.C. § 794 et.sec.))

41. I, as plaintiff incorporate items 1 – 40 above herein.

42. Section 504 of the Rehabilitation Act, 29 U.S.C.794 et.sec. provides that:

No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by the reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity that (receives federal funding).

43. On information and belief, the Conejos County Housing Authority is a recipient of federal funding in the way of grants and other federal monies.

44. I, as plaintiff claim that the Defendants violated my rights under Section 504 et.sec of the Rehabilitation Act.

45. The Rehabilitation Act contains essentially the same language within it as the American's with Disabilities Act contains, with the addition of (added below).

46. The Rehabilitation Act permits Punitive damages.

47. I, as plaintiff respectfully request that this Court assess punitive damages against the defendant under the Rehabilitation Act.

**PRAYER FOR RELIEF**

WHEREFORE, I, as Plaintiff pray for damages, in an amount to be determined at trial, together with interest and penalties, attorney cost (if applicable), and all such relief that this Court deems just and proper.

Furthermore, I, as plaintiff specifically pray for that the Defendants be enjoined from failing to:

1. provide remedial relief to restore me and make whole as a result of the specific denial of my civil rights under the American's with Disabilities Act, the Fair Housing Act and the Rehabilitation Act of 1973 (as amended); and the failure to abide by specific guidelines in the implantation of the federal guidelines HUD put forth concerning payment of rent.

2. Any other relief this Court deems fit and proper.

Respectfully Submitted,

Keith Bodner



Box 171
Sanford, CO
81151

Clerk
US District Court
901 19th St.
Denver, CO
80294-3589

USPS
02 1P
0001937959 FEB 20 2020
MAILED FROM ZIP CODE 81151
$001.20
PITNEY BOWES